Br the Court. Duer, J.
The witness, Mansfield, had certainly a direct interest in the event of the suit, since it was manifestly the understanding of the parties that he was not to be liable at all upon his guaranty, unless the endorsement of the defendant was proved to be genuine; but, although thus interested, he was not a person for whose immediate benefit the action was defended, within the meaning of the Code (§ 399), according to that interpretation of its meaning which we have heretofore adopted (Catlin v. Hansen, 1 Duer, S. C. Rep. p. 319). His interest, therefore, was not a ground of exclusion. He was not a cestui que trust, nor had he given an indemnity to the defendant, thus making himself the real and sole party in interest. The suit was prosecuted with the intent that the judgment, should a judgment be obtained, should be enforced against the defendant, and it was defended by him, not at the request of, nor for the benefit of Mansfield, but upon his own account, and with a sole view to his own protection.
The case would be wholly different were it understood that the moneys deposited by Mansfield and Robinson shall be applied to the satisfaction of a judgment against the defendant, so as to exonerate him entirely from its payment; upon this supposition the action would be defended for their immediate benefit, and their benefit alone. But such is evidently not the meaning of the agreement between them and the plaintiffs. The intention of the parties, we cannot doubt, is that if a judg *90 ment shall be obtained against the defendant, Mansfield and Robinson shall succeed to the rights of the plaintiffs, and be entitled to enforce the judgment for their own reimbursement. Had they paid the note as guarantors, without requesting this action to be commenced against the defendant, as endorser, they might have justly claimed a transfer of the note, so as to have enabled them to compel its payment by the defendant. To save themselves from a suit upon their guaranty, and from the necessity of commencing an action in their own name against the defendant, they entered into the agreement with the plaintiffs, but there is no reason to suppose that they meant to deprive themselves of the right of ultimately resorting, for their own protection, to the liability of the defendant; and it would be unreasonable to give this construction to their agreement. Upon the other questions, that were so ably discussed upon the hearing, we are not fully agreed, and therefore decline to express any opinion in relation to them, but we all agree, for the reasons that have been given, that the testimony of Mansfield ought to have been received. He was interested, but not incompetent.
There must, therefore, be a new trial, with costs to abide the event.