By the Court. Hoffmart, J.
The plaintiff, Brahms, unites with the other plaintiffs, members of a firm, and Ms creditors, in filing this complamt on behalf of themselves and all other creditors of said Brahms, who shall come m and contribute.
They set forth an assignment made by Brahms to the defendant on the 11th of June, 1852, of all the fixtures, furmture, liquors, &c., in the building, No. 8 Fulton street, with the lease of the premises and the good-will of the business, with all notes, book-accounts, &c., to sell the same upon such terms as may in Ms judgment appear best, and most for the interest of the parties concerned, and for cash only. The avails were to be applied in payment of a certain note, two judgments, and servants’ wages in full, and the residue to be distributed among all his creditors pro rata, if not sufficient to discharge their demands m full.
The case attempted to be made by the plaintiffs was, that the defendant took possession of property to the value of $10,000, and almost immediately sold the premises No. 8 Fulton street, with the stock and good-will, for a grossly inadequate price, and without giving reasonable or proper notice, by advertisement or otherwise, and that such sale was not for cash only.
The complaint prays that the defendant may be removed, and that he account for the full value of such leasehold premises, stock, &c., and also for an injunction and receiver.
It appears that at the time of the assignment, the stock, &c., were under seizure by the sheriff, upon an execution m favor of one Fox and others against Brahms. The sheriff had advertised the property for sale. There was also a mortgage upon the property, given upon the purchase, upon wMch was due about $540.
The property brought $2,750, and the purchaser sold it withm a few days for $5,700. But the force of tMs piece of testimony is much diminished by the purchaser’s statement, that after receiving $400, for damage done by a fire, he lost over $4,000, hav *18 ing expended about $1,000, and that he never was more sick of a place than of that. The other testimony upon the question of value is about balanced.
We do not see any reason to interfere with the finding of the Judge in this particular. *
The plaintiff’s counsel offered Brahms as a witness on behalf of the other plaintiffs besides himself, which offer was overruled by the Judge, and an exception taken. The first offer was to examine him generally.
The 897th section of the Code is, that “ a party may be examined on behalf of his coplaintiff, or a codefendant as to any matter in which he is not jointly interested or liable with such co-plaintiff, or codefendant, and as to which a separate, and not joint verdict or judgment can be rendered.”
This section must be construed in connection with the 898th and 899th sections. By the former, no person offered as a witness shall be excluded by reason of his interest in the event of the action. But by the next, this section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended.
As to a party then, an interest in the event of the action as effectually excludes him, as it would have done any witness before the Code. But then the 897th section permits an examination of a party, on the application of a party associated with him, as to matters in which he is not jointly interested with that party, and as to which a separate judgment could be rendered in favor of, or against that party.
We consider the effect of these provisions to be this:—If it is manifest, that no material evidence can be given upon the issues in the cause by the party offered, which will not enure to his own benefit, and the verdict must be in favor of all, the party should be excluded.
We do not consider the case of Beal v. Finch, (1 Kernan 128,) to be in conflict with this view. There in an action against several defendants for an assault and battery, separate answers denying the charge were put in, and at the trial, one of the defendants was offered as a witness on behalf of his codefendant. He was rejected, and the Court of Appeals held that the rejection was wrong.
*19 Now it is obvious, that in such an action, as in torts generally, there may be, and frequently are, verdicts in favor of one, and against another party; in other words, a separate verdict and judgment. So as in the instances put by the learned Judges, a large number of questions may be very pertinent in which the party examined has no joint interest at all, but solely pertinent to the separate case of the defendant calling him.
But, here, it is scarcely possible to imagine a question, material to the issue, which could be addressed to Brahms, the answer to which, if against the defendant, would not necessarily be to Brahms’ own benefit. The object of the suit is to obtain from the defendant a fund applicable to pay Brahms’ creditors, and possibly something to Brahms himself. We think the-ruling of the Judge was correct.
Another exception to the ruling of the Judge is, that he refused to permit the examination of one Butler, on behalf of the plaintiffs, on the ground that he was a creditor of Brahms, and that the suit was prosecuted for his immediate benefit. Butler was sworn as a witness, and admitted that he was a creditor on his examination.
This court has in several cases construed this section of the Code, and laid down the general rules thus: that it must appear, in order to disqualify the witness, that he is & cestui que trust, or has given an indemnity which makes him the real party in interest, that is, an indemnity in the action, and that such action is prosecuted or defended at his instance. (Catlin v. Hanson, 1 Duer, 329; Van Wyck v. McIntosh, 2 Duer, 86; Giberton v. Alcock, May, 1855, MSS.)
The position of a creditor not named in the complaint, in relation to an action of this nature, is this: If it proceed to a judgment of account and distribution of the fund in question, it is a judgment in his favor, upon establishing his own demand. It is not merely a judgment which will directly enure to his benefit, but he will be prohibited from instituting any other suit, and he is entitled to interfere in cases of neglect by the actual plaintiff to control the suit. Prior, however, to such a judgment, he is at liberty to proceed with his own separate action. And if the creditor’s suit fails, and no decree is pronounced, he is at liberty to go on with his own, *20 if one has been commenced, or institute a new one. He is not bound until after judgment, for he cannot interfere till then.
If a judgment is pronounced in this action against the defendant, it would be as fully a judgment in favor of a proposed witness who is a creditor, as of the creditors actually parties to the record. It would seem, then, that any creditpr ought to be rejected.
But we consider that, under the provision of the Code, this proposition admits of a qualification. The phrase is, that the 398th section is not to apply “to any person for whose immediate benefit the action is prosecuted or defended.” We think that it should appear, not merely that the creditor proposed as a witness is in a legal situation, in which the judgment may avail him, but that it should appear positively and unequivocally that he will receive the fund, or a portion of it. For example, it may appear that a creditor under an assignment is one to be paid in preference, and the fund which he is called to increase must go to him, and that he will not be paid in full without the increase. He would then be inadmissible. But if it is not certain that he must receive a direct benefit, but this depends upon contingencies, which leave it uncertain, he shall be considered competent.
The converse proposition is undoubtedly plausible, viz.: that the proposed creditor should be deemed inadmissible, unless it plainly appear that he could not be benefited. But the rule which we have stated appears to us most Consistent with the intention and true meaning of the Code, and with the series of authorities in our own court. In Davies v. Cram, (4 Sandf. 355,) in a suit by assignees to recover a fund, not only the assignor, but one of his creditors, protected by the assignment, was admitted as a witness.
Testing the present case by this rule, the proposed witness will appear to be admissible. It is true, that if the subsequent sale of the property afforded a fair estimate of its value, with which to charge the defendant, the witness may possibly receive something, after paying all the preferred creditors. But this is wholly conditional and uncertain. It depends upon the amount of the increase of the fund, and the amount of the prior preferred debts, and of the separate debts of Brahms.
It cannot be known with any approach to certainty whether he will receive a benefit or not, without a full accounting and the adjustment of all antecedent demands upon the fund. We are, *21 for these reasons, all of opinion that the Judge erred in excluding him as a witness.
The judgment must be reversed, and there must be a new trial, with costs to abide the event.